This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MONICA WELLINGTON,**

Plaintiff-Appellant,

**v.**                                                      **No. 31,927**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE, LLC,**

Defendants-Appellees,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Monica Wellington
Albuquerque, NM

Pro Se Appellant

Montgomery & Andrews, PA
Seth C. McMillan
Walter J. Melendres
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff appeals the order granting summary judgment to Defendants. We proposed to affirm in a calendar notice. Plaintiff has responded to our notice with a memorandum in opposition. We have duly considered Plaintiff's arguments, but find them unpersuasive. We affirm.

In our calendar notice, we addressed Plaintiff's argument that it was error to grant summary judgment to Defendants. As we explained, we review the whole record in the light most favorable to the person opposing summary judgment in order to determine if there is any evidence placing a genuine material fact at issue, but when there are no material issues of fact in dispute, we conduct a de novo review and need not view the record in the light most favorable to the person opposing summary judgment. *See City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. In this case, Defendants were only required to make a prima facie showing that they were entitled to summary judgment, which is accomplished by presenting evidence sufficient in law to raise a presumption of fact or sufficient in law, unless rebutted, to establish the fact in question. *See Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280. The burden then shifted to Plaintiff to point to specific evidentiary facts requiring a trial on the merits. *See Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992). In meeting her burden, Plaintiff could not simply argue that evidentiary facts

2

exist and could not rely on the allegations in her complaint. *Romero*, 2010-NMSC-035, ¶ 10.

In her memorandum in opposition, Plaintiff repeats the arguments made in her docketing statement. We discussed each of Plaintiff's claims in our calendar notice. As we pointed out, Defendants presented evidence that Defendant Mortgage Electronic Registration Systems, Inc., (MERS) is a mortgagee and a nominee for "Lender and Lender's successors and assigns;" [RP 126] that Plaintiff signed the mortgage, listing MERS as a mortgagee and nominee; that the "servicing" of the loan was transferred to Ohio Savings Bank and then transferred to Defendant Chase; that Plaintiff's mortgage payments were applied to the mortgage on the property, and the property has been in Plaintiff's possession since the closing of the loan; that Plaintiff has only received requests for loan payments from Defendant Chase; that Plaintiff admitted that she was notified of the change in the servicer of the loan; and that, although Plaintiff claimed that there were different loan numbers in existence, the documentation of the loan payments shows that the payments were made on the loan serviced by Defendant Chase.

Plaintiff argues that this Court failed to consider a decision from another state that addressed the question of whether MERS could act as a nominee. [MIO 4] As explained in our notice, in reviewing the district court's decision to grant summary

judgment, we consider whether there is any evidence placing a genuine material fact at issue. The documents presented by Defendants show that Plaintiff signed the mortgage that listed MERS as a mortgagee and nominee for "Lender and Lender's successors and assigns." Therefore, no genuine issue of fact was presented with regard to Plaintiff's argument. Plaintiff argues that this Court did not address federal law regarding notice requirements for a change in mortgage servicers. However, Defendants demonstrated that Plaintiff admitted that she was notified of the change in the servicer of the loan. Therefore, no genuine issue of material fact was presented with regard to Plaintiff's argument.

To the extent that Plaintiff argues that "Chase" refused to disclose what it had done with her payments, Defendants presented evidence to show that Plaintiff's loan payments were made on the loan serviced by Defendant Chase. To the extent that Plaintiff claims we ignored her evidence or construed conflicting evidence in Defendants' favor, we disagree. Defendants presented a number of documents in support of the motion for summary judgment, but Plaintiff, in the document filed in opposition to the motion and in her surreply, referred only to her complaint and to her own argument in support of her arguments. [RP 66, 240] This was not sufficient to meet her burden under the standard for summary judgment. *Romero*, 2010-NMSC-035, ¶ 10.

4

For the reasons explained in this opinion and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**